**MALAMUT & ASSOCIATES, LLC**
Adam S. Malamut - 019101999
Vincent A. Campo, Esquire - 016941989
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
(856)424-1808
856-424-2032(f)
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARON HOERST<br>148 Pageant Lane<br>Willingboro, NJ 08046<br>and<br>JOHN HOERST<br>148 Pageant Lane<br>Willingboro, NJ 08046<br><br>              Plaintiffs,<br><br>vs.<br><br>BRIDGESTONE AMERICAS, INC.,<br>535 Marriott Drive<br>Nashville, TN 37214<br>and<br>FIRESTONE COMPLETE AUTO CARE,<br>657 Upper Glen Street<br>Queensberry, NY 19137<br>and<br>BRIDGESTONE RETAIL OPERATIONS,<br>LLC,<br>333 East Lake Street<br>Bloomingdale, IL 60108<br><br>              Defendants, | NO.:<br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT AND JURY**<br>**DEMAND** |

## COMPLAINT

## THE PARTIES

1.  Plaintiffs, **SHARON HOERST** and **JOHN HOERST**, are adult Individuals residing at 148 Pageant Lane, Willingboro, New Jersey 08046 and are citizens of the State of New Jersey.

2.  Defendants, **BRIDGESTONE AMERICAS, INC.,** and/or **FIRESTONE COMPLETE AUTO CARE** and/or **BRIDGESTONE RETAIL OPERATIONS, LLC,** at all times material to this Complaint, was a corporation duly incorporated under the laws of The State of New York, with its principle place of business located at 657 Upper Glen Street, Queensberry, New York and is in the business of owning and operating a retail establishment.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C.§ 1332 in that " the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and in between citizens of different States."

4.  Venue over this action is appropriate in this matter pursuant to 28 U.S.C. § 1391 (a) (1), in the District of New Jersey as the Plaintiffs, **SHARON HOERST AND JOHN HOERST**, are individuals residing in State of New Jersey, the defendants, **BRIDGESTONE AMERICAS, INC.,** and/or **FIRESTONE COMPLETE AUTO CARE** and/or **BRIDGESTONE RETAIL OPERATIONS, LLC,** operates a business in the District of New Jersey and is a corporation authorized to do business in the District of New Jersey

5.  The amount in controversy exceeds $75,000.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiffs hereby incorporate by reference all of the allegations of Paragraphs 1 through 5, inclusive, and set forth the same as though said paragraphs were herein provided in full.

7. At all times material to this Complaint, defendants, **BRIDGESTONE AMERICAS, INC., and/or FIRESTONE COMPLETE AUTO CARE and/or BRIDGESTONE RETAIL OPERATIONS, LLC,** acted or failed to act by its agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with defendants, **BRIDGESTONE AMERICAS, INC.,** and/or **FIRESTONE COMPLETE AUTO CARE** and/or **BRIDGESTONE RETAIL OPERATIONS, LLC,** in furtherance of defendants, **BRIDGESTONE AMERICAS, INC.,** and/or **FIRESTONE COMPLETE AUTO CARE** and/or **BRIDGESTONE RETAIL OPERATIONS, LLC,** business and on behalf of Defendants, **BRIDGESTONE AMERICAS, INC.,** and/or **FIRESTONE COMPLETE AUTO CARE** and/or **BRIDGESTONE RETAIL OPERATIONS, LLC.**

8. At all times material to this Complaint defendants, **BRIDGESTONE AMERICAS, INC.,** and/or **FIRESTONE COMPLETE AUTO CARE** and/or **BRIDGESTONE RETAIL OPERATIONS, LLC,** owned, operated, managed, possessed, maintained and/or controlled the business and property which it was situated on known as Firestone Complete Auto Care, located at 657 Upper Glen Street, Queensberry, New York.

9. On or about September 27, 2015, and for some time prior thereto,

defendants, **BRIDGESTONE AMERICAS, INC.,** and/or **FIRESTONE COMPLETE AUTO CARE** and/or **BRIDGESTONE RETAIL OPERATIONS, LLC,** acting as aforesaid, carelessly and negligently allowed a dangerous and defective condition in particular a picnic bench that had rotted and/or defective legs to exist and remain on the property, located at or near the Firestone Complete Auto Care, 657 Upper Glen Street, Queensberry, New York.

10. On or about September 27, 2015, Plaintiff, **SHARON HOERST**, was a lawful business invitee at the premises located at or near the Firestone Complete Auto Care, 657 Upper Glen Street, Queensberry, New York.

11. Defendants, **BRIDGESTONE AMERICAS, INC.,** and/or **FIRESTONE COMPLETE AUTO CARE** and/or **BRIDGESTONE RETAIL OPERATIONS, LLC,** was responsible for the proper maintenance of the aforesaid premises and to keep said premises safe for invitees and/or licensees lawfully coming upon the property.

12. On or about September 27, 2015, while Plaintiff, **SHARON HOERST,** was a lawful invitee at the above mentioned locations, she did fall to the ground by reason of coming in contact with a dangerous and defective condition of a picnic bench that had rotted and/or defective legs, at the aforesaid location, causing Plaintiff, **SHARON HOERST** the injuries which form the basis for this action.

13. The aforesaid incident was due solely to the negligence and carelessness of defendants, **BRIDGESTONE AMERICAS, INC.,** and/or **FIRESTONE COMPLETE AUTO CARE** and/or **BRIDGESTONE RETAIL OPERATIONS, LLC,** acting as aforesaid, and was due in no manner whatsoever to any act or failure to

act on the part of the Plaintiff, **SHARON HOERST**.

## COUNT 1
### SHARON HOERST v. BRIDGESTONE AMERICAS, INC., t/a FIRESTONE COMPLETE AUTO CARE

14. Plaintiff, **SHARON HOERST**, incorporates by reference paragraphs 1 through 13, as fully as though each were set forth herein at length.

15. The incident was caused solely by reason of the negligence, carelessness, and/or recklessness of the defendants, **BRIDGESTONE AMERICAS, INC.**, and/or **FIRESTONE COMPLETE AUTO CARE** and/or **BRIDGESTONE RETAIL OPERATIONS, LLC**, and in addition to the aforementioned, consisted of the following:

   a. allowing a dangerous and defective condition to exist and remain on the property owned by defendants at the aforesaid location, of which they knew or should have known by the exercise of reasonable care;

   b. failing to correct said dangerous and defective conditions which they knew or should have known and which constituted a danger to persons lawfully walking thereon;

   c. failing to keep and maintain the aforesaid premises in a reasonably safe condition for use by invitees;

   d. failing to give warning or notice of the existence of the dangerous and defective conditions of said premises to invitees;

   e. failing to provide a safe and proper picnic bench for Plaintiff, **SHARON HOERST**, and other invitees sitting on said picnic bench on the said premises;

   f. permitting the existence of gross and irregular depressions;

   g. failing to inspect said premises at reasonable intervals in order to determine the condition thereof;

   h. disregarding the rights and safety of the Plaintiff, **SHARON HOERST**;

    I. failing to exercise due care under the circumstances; and

    j. negligence as a matter of law.

16. Said dangerous conditions created a reasonably foreseeable risk of the kind of injuries which were incurred by plaintiff, **SHARON HOERST**.

17. Defendants had actual notice or should have known by the exercise of reasonable care, of the existence of said dangerous conditions at a sufficient time prior to the incident to have taken the necessary measures to protect against the dangerous condition.

18. As a result of this incident, plaintiff, **SHARON HOERST**, has suffered injuries which are serious and permanent in nature, including but not limited to non-displaced fracture of right ankle; rotator cuff tear right shoulder with surgery and aggravation of low back with injection, as well as other injuries as have been or may be diagnosed by plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause plaintiff a great pain and suffering.

19. As a further result of this incident, plaintiff, **SHARON HOERST**, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenditures for an indefinite period of time in the future.

20. As a further result of this incident, plaintiff, **SHARON HOERST**, has or may suffer loss of earnings and impairment of earning power and capacity.

21. As a further result of this incident, plaintiff, **SHARON HOERST**, has suffered medically determinable physical impairment which prevents the plaintiff from

performing material acts and duties which are constituted by the plaintiff's usual and customary activities prior to the incident.

22. As a direct and reasonable result of the incident aforementioned, Plaintiff, **SHARON HOERST**, has or may hereafter incur other financial expenses which do or may exceed amounts which the plaintiff may otherwise be entitled to recover.

23. As a further result of the incident aforementioned, Plaintiff, **SHARON HOERST**, has suffered severe physical pain, scarring and humiliation, and may continue to suffer same for an indefinite period of time in the future.

24. Plaintiff, **SHARON HOERST**, demands a jury trial.

**WHEREFORE**, Plaintiff, **SHARON HOERST**, demands damages against defendants, **BRIDGESTONE AMERICAS, INC.,** and/or **FIRESTONE COMPLETE AUTO CARE** and/or **BRIDGESTONE RETAIL OPERATIONS, LLC,** in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest and costs of suit.

## COUNT II

25. Plaintiffs hereby incorporate by reference all of the allegations of Paragraphs 1 through 24, inclusive, and set forth the same as though said paragraphs were herein provided in full.

26. Solely as a result of the aforesaid negligence and carelessness of the defendants, **BRIDGESTONE AMERICAS, INC.,** and/or **FIRESTONE COMPLETE AUTO CARE** and/or **BRIDGESTONE RETAIL OPERATIONS, LLC,** the Plaintiff, **JOHN HOERST,** as spouse of the Plaintiff, **SHARON HOERST,**

has been deprived of the society, companionship, aid, assistance, earnings and earning power and consortium of said spouse, all of which has, and may in the future continue to cause great emotional and financial loss and damage.

**WHEREFORE**, Plaintiff, **JOHN HOERST**, demands damages against defendants, **BRIDGESTONE AMERICAS, INC.,** and/or **FIRESTONE COMPLETE AUTO CARE** and/or **BRIDGESTONE RETAIL OPERATIONS, LLC,** in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest and costs of suit.

MALAMUT & ASSOCIATES, LLC

By: _____
Adam S. Malamut, Esq. - 019101999
Vincent A. Campo, Esq. - 16941989
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
(856) 424-1808
Attorneys for Plaintiffs

Dated: 8/17/2017